COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


DANNY LEONARD LAM
                                              OPINION BY
v.    Record No. 3158-01-4      JUDGE RUDOLPH BUMGARDNER, III
                                            JULY 30, 2002
KAWNEER COMPANY, INC. AND
 PACIFIC EMPLOYERS INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kathleen G. Walsh for appellant.

            Charles F. Midkiff (Midkiff, Muncie & Ross,
            P.C., on brief), for appellees.


        Danny Leonard Lam appeals a decision of the Workers'

Compensation Commission permitting the employer to terminate

benefits without filing an application and refusing to impose a

penalty for not paying the benefits.  Finding no error, we

affirm.

        The worker sustained an injury on February 23, 1988 for

which he received compensation until April 11, 1994.  The

employer ceased paying benefits at that time because it received

a letter from the worker stating that he had begun working at a

wage greater[1] than his pre-injury wage.  By letter dated June 13,

_____

        [1] The letter stated the worker had returned to work as a
truck driver but indicated, incorrectly, a wage which was below
his pre-injury wage.  The letter also incorrectly gave the date
of employment as March 1993.  The parties have stipulated
throughout these proceedings that the worker was employed and

1994, the insurer requested the worker to provide the name of his current employer, the date he started working, and copies of his pay stubs. The worker did not respond.

The commission sent form letters annually noting an outstanding award and directing, "if payments have ceased, an executed Agreed Statement of Fact or an Employer's Application for Hearing must be filed to end the Award." The insurer did not respond to the commission's letters, but it wrote the worker's counsel on July 27, 1995 acknowledging the worker's return to work and requesting, "please contact me so that we may discuss terminating the outstanding award."

On September 20, 1999, the commission wrote the insurer to inform that the worker "had now received the maximum 500 weeks for compensation benefits" and requested the total amount of compensation the employer paid to him. The insurer responded that it had paid $58,871.40. The commission then advised the employer had underpaid by $58,049.30. On June 7, 2000, the worker asserted this claim for compensation from April 11, 1994 through December 31, 1997 and imposition of the 20% penalty for non-payment.[2]

_____

earned wages higher than his pre-injury wages at all times after April 11, 1994.

[2] Code § 65.2-524 provides in part, "If any payment is not paid within two weeks after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty percent thereof . . . ."

The deputy commissioner denied the claim, and the full commission affirmed under its general equitable power to do full and complete justice. The worker contends he is entitled to the unpaid benefits because the insurer failed to file an application to terminate the award and unilaterally ceased making payments. We conclude that the commission properly exercised its authority.

When a worker does not suffer a loss of wages, receipt of compensation benefits would unjustly enrich the worker and result in manifest injustice. It is "'[n]either logical, reasonable, [n]or within the spirit of the Act'" to award benefits when a worker is not entitled to them. Collins v. Dep't of Alcoholic Beverage Comm., 21 Va. App. 671, 680, 467 S.E.2d 279, 283 (quoting Harris v. Diamond Contr. Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946)), aff'd en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996). The commission has applied this principle in Goodman v. Tricorp, Inc., 01 WC UNP 1702161 (July 23, 2001) (worker barred from receiving windfall even though employer failed to properly terminate award), and in Kline v. Newport News Shipbuilding, 00 WC UNP 1706454 (May 9, 2000) (benefits denied when "the occurrence of some mistake or unfair conduct . . . would render strict application of the Act unjust"). Interpretations of the act by the commission are entitled to great weight. Peyton v. Williams, 206 Va. 595, 600, 145 S.E.2d 147, 151 (1965).

-

The worker returned to work April 11, 1994 and remained continuously employed at a wage greater than his pre-injury wage. He did not provide the insurer with the necessary details of his change in employment, identify his new employer, or provide salary information or residential address changes when the insurer requested the information. The worker did not dispute that he neglected to comply with the notice requirements of Code § 65.2-712. He testified he did not think he needed to provide that information because he was not asking the insurer "to make up the difference." The worker sought to enforce the award six years after he last received a compensation payment when he received the commission's letter indicating that the employer had underpaid the award by more than $58,000.

While we do not condone the employer's failure to file an application to terminate the award,[3] we note the full commission found, "[t]here is no evidence . . . that the employer has flaunted the Commission requirements that it file a memoranda when accepting the claim." The equitable power of the commission, as exemplified in the doctrine of imposition,

---

[3] The employer was unsuccessful in its attempts to get documentation from the worker. An application for the termination of benefits must be based on documentation "sufficient to support a finding of probable cause to believe [his] . . . grounds for relief are meritorious." Circuit City Stores, Inc. v. Scotece, 28 Va. App. 383, 386, 504 S.E.2d 881, 883 (1998) (footnote and citations omitted).

-

includes the power to "'render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown.'" Odom v. Red Lobster #235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995) (quoting Avon Prods. Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992)). The purpose of the Act "'is to compensate injured workers for lost wages, not to enrich them unjustly.'" Collins, 21 Va. App. at 678, 467 S.E.2d at 282 (quoting Harris, 184 Va. at 717, 36 S.E.2d at 576).

Because the worker was not entitled to benefits, no penalty was applicable. Accordingly, we affirm the commission.

                                                    Affirmed.

-