COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Clements
Argued at Alexandria, Virginia


FEDERAL MOGUL FRICTION CORPORATION AND
 TRAVELERS INSURANCE COMPANY
                                        MEMORANDUM OPINION* BY
v.    Record No. 2520-02-4            JUDGE JEAN HARRISON CLEMENTS
                                             SEPTEMBER 16, 2003
GERALD WAYNE BUTCHER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            J. David Griffin (Fowler Griffin Coyne
            Coyne & Patton, P.C., on briefs), for
            appellants.

            Nikolas E. Parthemos (Parthemos & Bryant,
            P.C., on brief), for appellee.


     Federal Mogul Friction Corporation and Travelers Insurance

Company (collectively, employer) appeal an award by the Workers'

Compensation Commission (commission) of temporary partial

disability benefits to Gerald Wayne Butcher (claimant) upon his

change-in-condition application. Employer contends the

commission erred in failing to use a fifty-two-week average of

claimant's post-injury earnings to compute claimant's temporary

partial disability rate. Finding no error, we affirm the

commission's judgment.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

The relevant facts in this appeal are not in dispute.  On January 8, 2001, claimant sustained a right shoulder injury arising out of and in the course of his employment with employer.  Employer accepted the injury as compensable.  Claimant suffered no loss in wages until April 23, 2001, when he had surgery on the shoulder.  As a result of the surgery, claimant was out of work from April 23, 2001, through June 4, 2001.  The parties entered into an agreement providing for temporary total disability benefits and agreed that claimant's pre-injury average weekly wage was $983.58.  Based on that agreement, the commission awarded claimant temporary total disability benefits for that period.

Upon returning to light duty work on June 5, 2001, claimant suffered no wage loss and, in fact, by working overtime, earned more on average each week than his pre-injury average weekly wage, until September 17, 2001, when he was transferred from his maintenance job to a production job.  Less overtime was available in the production job, and claimant's pay decreased as

a result.[1]  The wage reports in evidence established that from September 17, 2001, through February 10, 2002, claimant earned less than the agreed upon pre-injury average weekly wage of $983.58 for at least seventeen of the twenty-one weeks in that period.  The wage reports further established that after February 25, 2002, claimant earned less than the agreed upon pre-injury average weekly wage for both of the weeks reported.  Because on average his earnings each week were substantially below his pre-injury average weekly wage as a consequence of the job transfer, claimant filed a change-in-condition application, seeking temporary partial disability benefits for the period September 17, 2001, through February 10, 2002, and the period beginning February 25, 2002, and continuing thereafter.[2]

After holding an evidentiary hearing on March 20, 2002, the deputy commissioner ruled that claimant was "entitled to temporary partial disability compensation for the periods he was unable to earn his pre-injury average weekly wage."  After considering the parties' arguments regarding calculation of claimant's post-injury average weekly wage, the deputy commissioner further ruled as follows:

---

[1] Claimant testified that he worked all the overtime that was offered, with the exception of one day, and that he would work more overtime if it were offered.

[2] Claimant was totally disabled from February 11, 2002, through February 24, 2002, and received temporary total disability benefits for that period.

We agree with the claimant, and conclude that his post-injury average weekly wage for purposes of any temporary partial disability compensation should be calculated prospectively based on his actual reduced earnings. Based on the wage information submitted by the employer, we conclude that the claimant's post-injury average weekly wage for the period from September 17, 2001, through February 10, 2002, is $775.04, said sum representing the total of his wages during that time period ($16,275.89) divided by the 21 weeks in the period. Significantly less wage documentation exists in the record for calculation of the post-injury average weekly wage for the continuing period commencing February 25, 2002, but the available wage information indicates that the claimant's average weekly wage at that time was $596.60.

The deputy commissioner calculated claimant's post-injury average weekly wage for the period beginning February 25, 2002, and continuing thereafter by averaging claimant's total earnings ($1,193.20) for the two-week period for which pay records were available between February 25, 2002, and the hearing on March 20, 2002. The record, held open for seven days after the hearing for the parties to confirm this average weekly wage calculation, closed on March 27, 2002. No additional evidence was presented. An award was entered based on these calculations.

By opinion issued August 28, 2002, the commission affirmed the ruling of the deputy commissioner, finding that computing claimant's post-injury average weekly wage by averaging claimant's earnings over fifty-two weeks, as advocated by

- 4 -

employer, would unfairly deprive claimant of temporary partial disability benefits to which he was entitled under the Workers' Compensation Act.

This appeal followed.

## II.  ANALYSIS

The sole issue on appeal is whether, for purposes of computing claimant's temporary partial disability benefits, the commission erred in calculating claimant's post-injury average weekly wage.

Employer contends the method used by the commission to calculate claimant's post-injury average weekly wage was improper because it was not the same fifty-two-week-average method used to calculate claimant's pre-injury average weekly wage.  Employer argues that, just as fluctuations in earnings are averaged to determine pre-injury average weekly wages pursuant to Code § 65.2-101, the same method for determining compensation benefits must be applied post-injury.  In this case, employer's argument continues, the commission's method of basing the calculation of claimant's post-injury average weekly wage solely on his diminished wages following his transfer to the production department, rather than on his total earnings over fifty-two weeks following the injury, unjustly enriched claimant because employer was not credited for those weeks in which claimant's earnings exceeded his pre-injury average weekly

- 5 -

wage.  Thus, employer concludes, the commission's "piecemeal selection of earnings" was unfair and improper.  We disagree.

In reviewing the commission's decision, we view the evidence in the light most favorable to the party prevailing before the commission.  See Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998).  The commission's factual findings are conclusive and binding on appeal if supported by credible evidence in the record.  Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

As employer acknowledges in its brief, temporary partial disability benefits are intended to compensate an employee for the decrease in his earnings attributable to a compensable injury.  See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986).  Code § 65.2-502 provides that the compensation to be paid by an employer to an injured employee during the employee's partial incapacity for work is "66 2/3 percent of the difference between [the employee's] average weekly wages before the injury and the average weekly wages which [the employee] is able to earn thereafter."  (Emphasis added.)  In Pilot Freight Carriers, Inc., we observed that

> [t]he extent of earning capacity must be
> ascertained from the evidence, and as such
> is not limited to any special class of
> proof.  All legal facts and circumstances
> surrounding the claim should properly be

considered and due weight given them by the [c]ommission.

It [is] the duty of the [c]ommission to make the best possible estimate of . . . impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage . . . . This is a question of fact to be determined by the [c]ommission which, if based on credible evidence, will not be disturbed on appeal.

Id. (citation omitted). "Thus, if credible evidence supports the commission's findings regarding the claimant's average weekly wage, we must uphold those findings." Chesapeake Bay Seafood House v. Clements, 14 Va. App. 143, 146, 415 S.E.2d 864, 866 (1992).

This case came before the commission on claimant's change-in-condition application for temporary partial disability benefits following the reduction in his earnings on September 17, 2001, when he was transferred by employer to a different light duty job. For purposes of temporary partial disability compensation, claimant suffered no wage loss before the transfer and was, thus, not entitled to such compensation prior to the job transfer. See Lam v. Kawneer Co., Inc., 38 Va. App. 515, 518, 566 S.E.2d 874, 875-76 (2002) (holding that a compensable injury without a loss of earnings does not entitle a claimant to compensation). As a result of the job transfer, however, claimant's earnings were substantially below his pre-injury average weekly wage, and the commission concluded he was

- 7 -

entitled to temporary partial disability benefits because of the diminution in his earnings.

In considering the question of how claimant's post-injury average weekly wage should be determined, the commission found that it would be unfair to average claimant's earnings over fifty-two weeks, as proposed by employer. Rather, the commission found that averaging claimant's earnings "prospectively[,] based on his actual reduced earnings" from the date the decrease in wages occurred constituted the best and fairest indication of claimant's partial wage loss. Thus, the commission based its first award of temporary partial disability benefits on the weekly average of claimant's post-injury earnings from September 17, 2001, the date claimant's wages decreased, through February 10, 2002, when claimant's temporary total disability commenced, and its second award on the weekly average of claimant's post-injury earnings from February 25, 2002, the commencement of the current, continuing period of temporary partial disability, through March 27, 2002, the day the evidentiary record in the case closed.

Credible evidence supports the commission's findings, and the findings are not inconsistent with the provisions of Code § 65.2-502.[3] The pay records indicate that, between September

---

[3] Indeed, contrary to employer's contention, no language in Code § 65.2-502 requires that, in order to calculate an injured employee's post-injury average weekly wage for purposes of awarding temporary partial disability benefits commencing on a

- 8 -

17, 2001, and February 10, 2002, claimant earned less than the agreed upon pre-injury average weekly wage of $983.58 for at least seventeen of the twenty-one weeks in that period.  The pay records further indicate that, after February 25, 2002, claimant earned less than the agreed upon pre-injury average weekly wage for both of the weeks reported.  To calculate claimant's post-injury average weekly wage using the method proposed by employer would have deprived claimant of compensation for the periods at issue during which his earnings were substantially less than his pre-injury average weekly wage.  Thus, the commission, as fact finder, was entitled to reject employer's argument that, for purposes of computing claimant's temporary partial disability rate, claimant's post-injury average weekly wage should be calculated by averaging claimant's earnings over fifty-two weeks.

Because they are supported by credible evidence in the record, the commission's findings regarding claimant's post-injury average weekly wage are conclusive and binding on appeal.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

---

particular date, the commission must average the employee's post-injury earnings over fifty-two weeks.

- 9 -