COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Senior Judge Hodges
Argued at Richmond, Virginia


GENESIS HEALTH VENTURES, INC. AND
 LIBERTY MUTUAL INSURANCE GROUP

                                                    OPINION BY
v.      Record No. 0481-03-2          JUDGE JAMES W. BENTON, JR.
                                                    JANUARY 20, 2004
PATRICIA P. PUGH


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Jennifer G. Tatum (Robert A. Rapaport; Clarke, Dolph, Rapaport,
Hardy & Hull, P.L.C., on brief), for appellants.

No brief or argument for appellee.


Genesis Health Ventures, Inc. filed an application for a hearing that the Workers'

Compensation Commission rejected because it did not comply with the commission's Rule

1.4(E).  Genesis contends that the commission's decision unjustly enriched Patricia Pugh and,

thus, was contrary to Lam v. Kawneer Company, Inc., 38 Va. App. 515, 566 S.E.2d 874 (2002).

We affirm the commission's decision.

I.

The facts are not complicated.  Pugh sustained an injury by accident on July 20, 2000

while employed by Genesis.  Approving the parties' memorandum of agreement, the commission

awarded Pugh temporary total disability benefits in September 2000.  Nine months later, in June

2001, the commission notified Genesis's insurer that the award was outstanding and that the

commission assumed payments were continuing.  The commission's letter also advised that if

payments had ceased, either a termination of award document or application for hearing "must

be filed to end the award." A year later, the commission sent an identical letter of notification to Genesis's insurer.

In August 2002, Genesis filed an application for hearing, which indicated Pugh had returned to work on July 31, 2000. The application requested termination of the award and indicated that Genesis had paid compensation under the award through July 30, 2000. The commission's claims specialist rejected the application because "it fail[ed] to conform to the requirements of Rule 1.4" and "instruct[ed] the [insurance] carrier to immediately reinstate compensation benefits . . . under the . . . outstanding award." On review, the commission affirmed the claims specialist's action.

II.

The commission's procedures for an application for hearing are specified in Rule 1.4. In pertinent part, the rule provides that "[n]o change in condition application under [Code] § 65.2-708 . . . shall be accepted unless filed within two years from the date compensation was last paid pursuant to an award." Rule 1.4(E). This rule governs Genesis's application for hearing, which was grounded in a change in condition and sought to terminate "the compensation previously awarded." Code § 65.2-708.

As required by Rule 1.4(B), Genesis's application, which was filed August 20, 2002, informed the commission that "compensation was paid [to Pugh] through 07/30/2000 at the rate of $355.20 per week." The commission, therefore, properly concluded that the application was not "filed within two years from the date compensation was last paid pursuant to [the] award" and, likewise, properly rejected the application because it did not satisfy the requirement of Rule 1.4(E). Notwithstanding its clear violation of the commission's rule, Genesis contends that our Lam decision required the commission to disregard Genesis's failure to comply with the rules. We disagree with Genesis's reading of Lam.

Unlike Pugh, who returned to work for Genesis -- her pre-injury employer, Lam did not return to work for his pre-injury employer. Highlighting the circumstance of Lam's return to work for another employer, we noted that when "the insurer requested [Lam] to provide the name of his current employer, the date he started working, and copies of his pay stubs . . . [, Lam] did not respond." 38 Va. App. at 517, 566 S.E.2d at 875. Lam's failure to respond to the request was a significant factor in the commission's decision for three reasons. First, the employer's "application for [a hearing to] terminat[e] . . . benefits must be based on documentation 'sufficient to support a finding of probable cause to believe [the] . . . grounds for relief are meritorious.'" Id. at 519 n.3, 566 S.E.2d at 876 n.3. Because Lam's employer lacked specific information about where he was employed and his rate of pay, the employer had insufficient documentation to support its application. Second, Lam "did not dispute that he neglected to comply with the notice requirements of § 65.2-712." Lam, 38 Va. App. at 519, 566 S.E.2d at 876. In pertinent part, this statute imposes upon an employee "a duty immediately to disclose to the employer . . . [the employee's] return to work" and authorizes the commission to remedy a breach of that duty. Code § 65.2-712. Third, in Lam the employer sought information from Lam that would have permitted it, had Lam cooperated, to timely file an agreement to terminate the award. Thus, the commission found no evidence to suggest the employer had "flaunted" the rules by its delay. 38 Va. App. at 519, 566 S.E.2d at 876.

None of these circumstances exists in this case. Genesis knew Pugh had returned to work for Genesis and, thus, had available all information and documentation necessary to complete its application for hearing. Moreover, for more than a year, Genesis failed to respond to a notice from the commission advising it about the need to terminate the outstanding award. On the other hand, the record contains no evidence that Pugh violated any duty required of her by the rules or the Act. Indeed, when she returned to her pre-injury employment, Genesis had the notice that

- 3 -

Code § 65.2-712 requires of an employee. See Washington Metro. Area Transit v. Rogers, 17 Va. App. 657, 661, 440 S.E.2d 142, 145 (1994) (affirming the commission's finding "that the claimant's return to work for the pre-injury employer was actual notice which satisfied the disclosure requirement of Code § 65.2-712").

The commission found that the record in this case contains "no allegation of or evidence of imposition." Cf. McFadden v. The Carpet House, ___ Va. App. ___, ___ S.E.2d ___ (2004) (discussing the commission's application of the doctrine of imposition in Lam); Washington v. United Parcel Service, 39 Va. App. 772, 780-81, 576 S.E.2d 791, 796 (2003) (noting that application of the doctrine of imposition was appropriate where "no evidence shows that [the employer] intentionally failed to file the appropriate paperwork requesting termination of the award, . . . [and the evidence shows] that [the employer] had mailed [to the employee] the 'termination of wage loss, the Agreed Statement of Fact' forms, . . . but they 'never got them back'"). Credible evidence in the record supports the commission's finding and the commission's ruling "that the holding in Lam is inapplicable here."

For these reasons, we affirm the commission's decision.

Affirmed.