COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Frank and Kelsey
Argued at Salem, Virginia

WAL-MART ASSOCIATES, INC. AND
  INSURANCE COMPANY OF THE
  STATE OF PENNSYVANIA                           MEMORANDUM OPINION[*] BY
                                                 JUDGE D. ARTHUR KELSEY
v.          Record No. 2914-06-3                 OCTOBER 23, 2007

JONATHAN EDWARD CANNON


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Monica Taylor Monday (Gentry Locke Rakes &
Moore, on brief), for appellants.

Daniel R. Bieger (Copeland & Bieger, P.C., on
brief), for appellee.


The appellants, Wal-Mart and its insurer, appeal a ruling of the Workers' Compensation

Commission imposing a 20% penalty on unpaid wage benefits owed to Jonathan Edward Cannon

pursuant to an open award entered in 2001. Wal-Mart argues it does not owe the underlying

wage benefits because Cannon went back to work shortly after his injury. All the more,

Wal-Mart contends, no penalty should be imposed against it for not paying Cannon years of

undeserved benefits. We conclude binding precedent supports the commission's decision.

I.

Cannon broke his foot while working for Wal-Mart in 2001. Wal-Mart voluntarily paid

Cannon wage loss benefits until he went back to work a few months later. The commission

entered an open award directing Wal-Mart to pay weekly wage loss benefits and to provide

Cannon with lifetime medical benefits for his foot injury. In 2002, the commission sent

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Wal-Mart a reminder letter advising it that the open award could only be terminated by making an appropriate application to the commission or by filing an agreed "Termination of Wage Loss Award" form. Later in 2002, Wal-Mart fired Cannon for "stealing time." Since then, he has worked off and on for other employers.

After firing Cannon, Wal-Mart sent the required "Termination of Wage Loss Award" form to Cannon asking him to confirm he had returned to full-time employment. Cannon never signed or returned the form. In 2003, Cannon wrote the commission complaining about his termination and noting that he had not received any wage benefits since leaving Wal-Mart. In reply, the commission wrote Cannon advising him to consult with counsel about his termination complaint. As for his open award, the commission's letter added:

> We are providing a copy of the claimant's application and letter to the carrier for its file. The carrier is reminded that an outstanding award for wage loss compensation remains in full force and effect. The appropriate filings should be made with this agency to allow the award status to be brought current, pursuant to the information provided by the claimant.

In 2005, the commission sent another reminder letter advising Wal-Mart of the 2001 open award and the need to file an appropriate termination application or agreed termination form.

After the 2005 letter, which was copied to Cannon, Cannon filed an application with the commission seeking payment of wages from 2001, when Wal-Mart suspended wage loss benefits, to the present. Cannon also requested a statutory 20% penalty authorized by Code § 65.2-524. In reply, Wal-Mart's insurer filed an application seeking termination of the wage loss award retroactive to the date Cannon returned to work. Concluding it was "constrained" by existing law on the subject, Cannon v. Wal-Mart Associates, Inc., No. 206-59-71, 2006 Va. Wrk. Comp. LEXIS 920, at *15 (Oct. 25, 2006), the commission held Wal-Mart's failure to file a timely termination application precluded Wal-Mart from contesting either its liability for wage loss benefits under the 2001 open award or the imposition of the 20% penalty.

II.

Recent opinions from panels of our Court have held that an open award continues to vest an employee with wage loss benefits even after he has returned to work or otherwise has become ineligible for continued statutory benefits.  See, e.g., Washington Post v. Fox, 49 Va. App. 692, 644 S.E.2d 105 (2007); Uninsured Employer's Fund v. Peters, 43 Va. App. 731, 601 S.E.2d 687 (2004); Genesis Health Ventures, Inc. v. Pugh, 42 Va. App. 297, 591 S.E.2d 706 (2004).  An employer may unilaterally suspend the payments only upon filing a changed-circumstances application within two years of the last payment.  Genesis Health Ventures, Inc., 42 Va. App. at 299, 591 S.E.2d at 707 (applying Commission Rules 1.4(C)(1) and (E)).

The commission retains the equitable power to disallow the double recovery, Lam v. Kawneer Co., 38 Va. App. 515, 518, 566 S.E.2d 874, 875-76 (2002), but this discretionary authority cannot be exercised in situations "where an employer simply ignores the law and fails to file the appropriate forms" after having been given all the information necessary to do so. Washington Post, 49 Va. App. at 701, 644 S.E.2d at 109; see also Peters, 43 Va. App. at 739, 601 S.E.2d at 692 (cabining Lam to situations where the "worker 'neglected to comply with [a] notice requirement' of the Act and the employer had not 'flaunted the Commission's requirements' as prescribed by the rules"); Genesis Health Ventures, Inc., 42 Va. App. at 300-01, 591 S.E.2d at 707-08 (finding Lam equitable principles inapplicable where commission sent two letters to employer notifying it of open award and its obligation to file appropriate paperwork, and employer took no action within two years of unilaterally ceasing payment of benefits to claimant when he returned to work with employer).

We have no authority to revisit these decisions.  Under the interpanel accord doctrine, the "decision of one panel 'becomes a predicate for application of the doctrine of stare decisis' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme

Court." <u>Clinchfield Coal Co. v. Reed</u>, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation omitted). "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi* — the essential rationale in the case that determines the judgment." <u>Id.</u> at 73-74, 577 S.E.2d at 540; <u>see</u> <u>also</u> <u>Congdon v. Congdon</u>, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003).

Governed by these principles, the commission did not err in recognizing Wal-Mart's continuing liability for wage benefits under the 2001 open award despite Cannon's return to full employment. Though reminded to do so on several occasions, Wal-Mart failed to timely file an application in compliance with Commission Rules 1.4(C)(1) and (E). While Cannon likewise failed to execute and return the "Termination of Wage Loss Award" form, that fact did not excuse Wal-Mart from its obligation to timely file a changed-circumstances application. <u>See</u> <u>Peters</u>, 43 Va. App. at 733, 601 S.E.2d at 689 (finding it irrelevant that the claimant refused to execute a "proposed stipulation to terminate the award"). After learning of Cannon's return to work, Wal-Mart had all the information it needed to timely "file the appropriate forms," <u>Washington Post</u>, 49 Va. App. at 701, 644 S.E.2d at 109, and thereby immediately suspend wage loss benefits pursuant to Commission Rule 1.4(C)(1). It necessarily follows that the 20% nonpayment penalty required by Code § 65.2-524 applies to the unpaid balance. <u>See</u> <u>id.</u> at 698 n.4, 644 S.E.2d at 107 n.4.

For these reasons, we find no error of law in the commission's decision in this case.

<u>Affirmed.</u>