PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, O'Brien and Senior Judge Clements
Argued at Alexandria, Virginia

PAULA SMITH-ADAMS

v.      Record No. 1620-16-4

FAIRFAX COUNTY SCHOOL BOARD

OPINION BY
JUDGE MARY GRACE O'BRIEN
APRIL 25, 2017

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Peter M. Sweeny (Peter M. Sweeny, P.C., on briefs), for appellant.

Michael N. Salveson (Charles F. Trowbridge; Littler Mendelson,
P.C., on brief), for appellee.


Paula Smith-Adams ("claimant") appeals the decision of the Virginia Workers'

Compensation Commission ("the Commission").  Claimant asserts that the Commission erred by

enforcing a termination agreement and denying her request for benefits and penalties pursuant to a

June 2005 award.  Finding no error, we affirm the Commission's ruling.

BACKGROUND

Claimant, who was employed as a guidance counselor by Fairfax County Public Schools

("the employer"), was injured in a compensable car accident on February 23, 2005.  In an award

entered June 17, 2005, the employer agreed to pay temporary total disability benefits during

incapacity and lifetime medical benefits.  On January 9, 2006, claimant applied for a hearing

because the employer refused to pay for medical equipment prescribed by claimant's doctor.  The

hearing was scheduled for June.

The parties filed two other documents with the Commission on January 9.  On the first form,

entitled "Supplemental Agreement to Pay Varying Temporary Partial Benefits," the parties agreed

to modify the outstanding award to an award for temporary partial disability benefits, paid at varying rates from May 2005 until August 2005. The second document, labeled "Termination of Wage Loss Award," memorialized the parties' agreement to terminate the outstanding award effective August 8, 2005 because claimant was able to return to her pre-injury work on August 9, 2005. Both agreements were fully endorsed by the parties and were filed and stamped "received" by the Commission on January 12, 2006.

Due to the pending claim for the medical equipment, the Commission failed to act on the two agreement forms filed by the parties, although the forms were unrelated to the claim. On June 9, 2006, the parties advised the Commission that they had reached an agreement regarding payment for the medical equipment. They subsequently submitted a stipulated order that was approved and signed by a deputy commissioner on July 7, 2006. However, the Commission took no action on the two agreement forms that were submitted in January.

On April 3, 2007, the Commission sent the parties notice that there was an outstanding award in the case and "[i]f payments have ceased, an executed Termination of Wage Loss Award or an Employer's Application for Hearing must be filed to end the award." The Commission sent the same notice on October 6, 2008. In November 2011, the Commission advised claimant that she may be entitled to a cost of living adjustment on her award.

Neither party took any action until October 9, 2013, when claimant sent notice that she "withdraws her January 4, 2006 offers to enter into a Supplemental Agreement to Pay Varying Temporary Partial Benefits and Termination of Wage Loss Award proposed by the employer and insurer on or about November 18, 2005." In response, the employer advised that both parties signed an agreement to pay temporary partial disability payments and then terminate the award. The employer's response also noted that the signed agreements were sent to the Commission in January 2006.

The Commission scheduled the matter for a hearing. At the hearing, claimant testified that she was injured in an automobile accident on February 23, 2005 and as a result, she was unable to work until May 2, 2005. In May, she returned to work in a reduced capacity and was released to her pre-injury employment in August 2005. Claimant acknowledged that she worked for years after that date, first for Fairfax County Schools, and upon her retirement in 2011, for Loudoun County Schools. Claimant, who has a Bachelor's and two Master's degrees, has been employed as a teacher, school counselor, guidance counselor, curriculum writer, and substitute teacher. She did not report to the employer that she returned to work following her retirement. At the time of the hearing, claimant was again employed by Fairfax County Schools.

Claimant testified that she missed work due to ongoing medical problems from the accident and related medical appointments from 2006 until the present day. However, she also admitted that she was injured in two other accidents, in October 2005 and May 2008. She acknowledged that she signed the two agreements that were filed in January of 2006, providing for payment of partial benefits and subsequently terminating the wage loss award, and that her signature indicated that she "agreed with everything" on the documents. She also admitted that she understood that signing the agreements meant that her compensation benefits would be terminated and, in fact, after she returned to work on August 9, 2005, she never claimed additional wage loss benefits until she brought the action in October 2013.

Following the hearing, the deputy commissioner held that the award of temporary total disability benefits was terminated effective May 1, 2005, and entered an award for temporary partial disability benefits from May 2, 2005 through August 8, 2005, in accordance with the agreement forms submitted by the parties in January 2006. The deputy commissioner found that the parties "intended to abide by the fully-signed agreement forms . . . seeking termination of the outstanding award upon the claimant's return to work." On review, the full Commission agreed and held that

"the interests of justice are served by enforcing the [a]greements into which the parties voluntarily entered." This appeal followed.

## ASSIGNMENTS OF ERROR

I.  The Virginia Workers' Compensation Commission erred in concluding that its refusal to approve proposed agreement forms in 2006 was a "mistake" warranting the application of the doctrine of imposition in 2013.

II.  The Virginia Workers' Compensation Commission denied the employee's right to due process by imposing upon her agreements which had been revoked with the result that she has been denied her property rights under Va. Code § 65.2-708 and Rule 1.2(B) of the Rules of the Virginia Workers' Compensation Commission.

III.  The Virginia Workers' Compensation Commission erred in allowing the filing of proposed agreements to serve as the equivalent to filing an employer's application for hearing.

IV.  The Virginia Workers' Compensation Commission erred in concluding that an employee under an open award has a duty to act to make the employer comply with the award order.

V.  The Virginia Workers' Compensation Commission erred by enforcing agreements which had been rendered void under Va. Code § 65.2-701(A) and which had been revoked by the employee.

## ANALYSIS

### A. Standard of Review

This Court considers the evidence in the light most favorable to the prevailing party, in this case, the employer. Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 345, 768 S.E.2d 261, 262 (2015). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the [C]ommission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408, 598 S.E.2d 750, 751 (2004) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)). "Factual findings of the [C]ommission will not

- 4 -

be disturbed on appeal unless plainly wrong or without credible evidence to support them." Ga. Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Questions of law, however, are reviewed *de novo.* Montalbano v. Richmond Ford, LLC, 57 Va. App. 235, 244-45, 701 S.E.2d 72, 76 (2010).

### B.  Assignments of Error 1 and 5

Claimant contends that the Commission erred in concluding that its failure to approve the agreement forms was a mistake and erred by using its equitable powers to enforce the agreements. Claimant also asserts that the agreements were void under Code § 65.2-701.

Code § 65.2-701(A) states, in pertinent part:

> If after injury or death, the employer and the injured employee . . . reach an agreement in regard to compensation or in compromise of a claim for compensation under this title, a memorandum of the agreement in the form prescribed by the Commission shall be filed with the Commission for approval. . . .  If approved, the agreement shall be binding, and an award of compensation entered upon such agreement shall be for all purposes enforceable as provided by § 65.2-710.  If not approved, the same agreement shall be void. Such agreement may be approved only when the Commission, or any member thereof, is clearly of the opinion that the best interests of the employee or his dependents will be served thereby.

This Court has held that agreements "are not binding until approved by the [C]ommission." Damewood v. Lanford Bros. Co., 29 Va. App. 43, 45, 509 S.E.2d 530, 531 (1999). Further, "either party may withdraw its offer to settle before approval." Id.

In the case before us, the Commission held that under a strict application of Code § 65.2-701(A), the absence of Commission approval of the agreement forms left the June 17, 2005 award in effect.  However, the Commission used its equitable power to deny the benefits accrued

under the existing award. The Commission found that it "failed to address the [a]greements by mistake, triggered by the filing of an unrelated medical claim on the same day as the [a]greements." The Commission's determination of "mistake" is a finding of fact, and is granted deference by this Court. Ga. Pac. Corp., 17 Va. App. at 135, 435 S.E.2d at 902 ("Factual findings of the [C]ommission will not be disturbed on appeal unless plainly wrong or without credible evidence to support them.").

Credible evidence supports the Commission's finding that the agreement forms were not processed due to a mistake. The Commission found that the error was the result of the filing of an unrelated claim for medical equipment that was received on the same day as the agreement forms. The Commission clearly found that the lack of action on the agreements was *not* due to the employer's "failure to comply with their statutory duties . . . . Rather, it is the Commission's oversight in failing to record the properly filed [a]greements which has allowed the claimant to withdraw her consent many years after the fact and seek a fortune in spite of her return to work." The Commission found that neither party ignored their statutory duties; rather, the agreements were not entered because of the Commission's mistake. The Commission did not reject or disapprove the agreements; it simply did not act upon them. Further, the Commission held that

> [t]he claimant's ability to seek years of compensation, penalties, and COLA is due to the Commission having failed in its duty to either approve or reject the [a]greements as mandated by the Act. See Va. Code § 65.2-701(A). Both the claimant and the defendants operated for years on the belief that the award had been terminated.

The Commission determined that "the peculiar facts of this case are appropriate for the exercise of [its] equitable jurisdiction to do full and complete justice."

The Supreme Court addressed the Commission's equitable powers in Harris v. Diamond Construction Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946), when it held that the General Assembly "intended that [the Commission] should have jurisdiction to do full and complete justice

- 6 -

in each case." The Court explicitly found that the Commission "has the implied power, incidental to those expressly granted . . . to vacate and set aside an award procured through fraud or mistake." Id. at 721, 36 S.E.2d at 578; see also John Driggs Co. v. Somers, 228 Va. 729, 734, 324 S.E.2d 694, 697 (1985) (the Commission has the power to "set aside an award or agreement upon evidence of fraud, mistake, or imposition").

The Commission exercised its equitable power in Lam v. Kawneer Co., 38 Va. App. 515, 566 S.E.2d 874 (2002). In Lam, an injured employee received compensation payments for six years. Id. at 517, 566 S.E.2d at 875. The employer stopped paying benefits when it received a letter from the employee advising that he was working for a new employer at wages greater than his pre-injury wage. Id. However, the employer did not file with the Commission to terminate the award. Id. at 518, 566 S.E.2d at 875. The employee also failed to respond to the insurer, who had requested further information about the new job. Id. at 517, 566 S.E.2d at 875. In the meantime, the Commission sent annual form letters noting an outstanding award and directing that "if payments have ceased, an executed Agreed Statement of Fact or an Employer's Application for Hearing must be filed to end the Award." Id. at 518, 566 S.E.2d at 875. The insurer did not respond to the letters but wrote to the employee's counsel to discuss terminating the award. Id.

Five years after the employer ceased compensation, the Commission advised the parties that the maximum five hundred weeks of compensation had been reached, leaving an underpayment of $58,049. Id. The employee unsuccessfully asserted a claim for compensation in that amount. Id. The Commission denied the claim "under its general equitable power to do full and complete justice." Id.

On appeal, this Court affirmed and held that the Commission "properly exercised its authority." Id. The Court found that when an employee does not suffer lost wages, receipt of benefits "would unjustly enrich the worker and result in manifest injustice. It is 'neither logical,

reasonable, nor within the spirit of the Act' to award benefits when a worker is not entitled to them." Id. at 518, 566 S.E.2d at 875-76 (quoting Collins v. Dep't of Alcoholic Beverage Control, 21 Va. App. 671, 680, 467 S.E.2d 279, 283 (1996)).  Noting that the employee did not advise his former employer of the necessary details regarding his new job, and the fact that he sought to enforce the award six years after he last received a compensation payment, the Court stated that the purpose of the Act is to "compensate injured workers for lost wages, not to enrich them unjustly." Id. at 520, 566 S.E.2d at 876 (quoting Collins, 21 Va. App. at 678, 467 S.E.2d at 282).

In the present case, the parties actually executed a termination agreement that was submitted to the Commission and then proceeded for eight years acting as though the award had been terminated.  Here, the employer went beyond the actions of the employer in Lam and fully complied with the requirements of the Act to terminate the outstanding award by filing the agreement forms. In this case, like in Lam, enforcing the award would result in unjust enrichment for claimant, who returned to work and did not suffer any lost wages.

Claimant relies on Genesis Health Ventures, Inc. v. Pugh, 42 Va. App. 297, 591 S.E.2d 706 (2004).  In Genesis, the employee was awarded temporary total disability benefits.  Id. at 299, 591 S.E.2d at 706.  After the employee returned to work, the employer did not file a request to terminate the award within the two-year time requirement of the Commission's rules.  Id. at 299, 591 S.E.2d at 707.  The parties did not enter into an agreement to terminate benefits.  This Court affirmed the Commission's decision to deny the employer's claim that the claimant was unjustly enriched.  Id. at 301, 591 S.E.2d at 708.  The Court held that Lam was distinguishable because the employee in Genesis returned to work for the same employer, so the employer had all of the necessary information to file to terminate the award.  Id. at 300, 591 S.E.2d at 707.  Despite having access to the information about the claimant's return to work, the employer did not file a timely request for a hearing.  Id. at 300-01, 591 S.E.2d at 707.  Here, however, the employer acted on the information

regarding claimant's return to work by promptly filing the fully endorsed agreement to terminate the award.

Significantly, the Commission found that claimant did not suffer any wage loss attributable to the 2005 accident. Claimant does not dispute that she returned to work in 2005, and when she returned to full capacity work she made more money than she did before the accident. It is well-settled that "[t]he purpose of the Workers' Compensation Act is to compensate a claimant for lost wages and medical benefits. It is not the purpose of the Act to allow a claimant to be unjustly enriched." United Airlines v. Kozel, 33 Va. App. 695, 703, 536 S.E.2d 473, 477 (2000). Therefore, the Commission properly exercised its equitable powers to deny compensation.

### C. Assignment of Error 2

Claimant argues that the Commission denied her right to due process "by imposing upon her agreements which had been revoked with the result that she has been denied her property rights" under the Act. She relies on the general principle that "an employee becomes vested with the right to receive workers' compensation benefits under an award in his favor so long as the award remains outstanding." Uninsured Emp'rs Fund v. Peters, 43 Va. App. 731, 736, 601 S.E.2d 687, 690 (2004). Claimant cites Washington v. United Parcel Service, 267 Va. 539, 593 S.E.2d 229 (2004), in support of her contention that the "vested right to receive benefits under an award, *in the absence of any action by the employer to terminate the outstanding award,* continues even after an employee has returned to full duty work." (Emphasis added). However, unlike the employer in Washington, the employer in the present case took action to terminate the outstanding award by filing the fully executed agreement forms. Therefore, the Commission properly exercised its equitable powers in finding that the employer should not be penalized for the Commission's mistake.

Claimant's contention that her due process rights were violated because she was not afforded a "proper hearing" is likewise without merit. "In the context of a workers' compensation

proceeding, due process 'is flexible and calls for such procedural protections as the particular situation demands.'" Henrico Pub. Utils. v. Taylor, 34 Va. App. 233, 243, 540 S.E.2d 501, 506-07 (2001) (quoting Duncan v. ABF Freight Sys., Inc., 20 Va. App. 418, 422, 457 S.E.2d 424, 426 (1995)). "In other words, 'the procedure utilized [need only] afford the parties minimal due process safeguards.'" Nelson Cty. Sch. v. Woodson, 45 Va. App. 674, 679, 613 S.E.2d 480, 483 (2005) (quoting Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986)).

Ten months before the hearing, the deputy commissioner advised the parties of the issues to be resolved at the hearing, including whether claimant was entitled to payment of benefits pursuant to the June 17, 2005 award. Claimant and the employer conducted extensive discovery, and claimant testified and presented evidence during the hearing. Additionally, both parties had the opportunity to present a brief and memorandum of law after the hearing.

The employer raised equitable affirmative defenses at every stage of the proceeding. Claimant specifically responded to the defenses in her post-hearing brief and memorandum of law. Both the deputy commissioner and the full Commission considered claimant's position and ultimately rejected it. Claimant was afforded a full hearing for which she was well-prepared, therefore, her due process rights were not violated.

## D. Assignment of Error 3

Claimant contends that pursuant to Code § 65.2-708, when there is an open award, the employer must file a change of condition application to modify or terminate the award. She asserts that the Commission erred by failing to impose this requirement upon the employer. We disagree.

Code § 65.2-708 provides that "upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award of compensation and on such

review may make an award ending, diminishing or increasing the compensation previously awarded." However, Code § 65.2-701 states:

> A. If after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation or in compromise of a claim for compensation under this title, a memorandum of the agreement in the form prescribed by the Commission shall be filed with the Commission for approval.
>
> . . . .
>
> C. Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time and manner of payment are approved by the Commission. A copy of such settlement agreement shall be filed with the Commission by the employer.

Further, this Court has specifically held that "Code § 65.2-708 does not require a claimant to file an application for change of condition if she can reach a satisfactory agreement with her employer regarding her entitlement to continuing disability benefits." Henrico Pub. Utils. v. Taylor, 34 Va. App. 233, 240, 540 S.E.2d 501, 505 (2001). The Commission and the Court encourage such agreements. "[C]ases before the [C]ommission are frequently expedited or disposed of by the writings filed with it such as the notices, agreed statement of facts, supplemental memorandum of agreement, and the like." Avon Prods., Inc. v. Ross, 14 Va. App. 1, 8-9, 415 S.E.2d 225, 229 (1992).

The statutes provide two possible ways to modify or terminate an award after entry: the employer may either file an application for a hearing pursuant to Code § 65.2-708, or the employer can submit a settlement form. The Commission's notices sent to claimant and the employer in this case also reflect the two options; they state that "[i]f payments have ceased, an executed Termination of Wage Loss Award *or* an Employer's Application for Hearing must be filed to end the award." (Emphasis added). Because the parties agreed to terminate the award at the time

- 11 -

claimant returned to work, and because the employer filed the executed agreement forms, it was not necessary for the employer to file an application for a hearing. The employer complied with Code § 65.2-701 by filing the executed agreement forms.

### E. Assignment of Error 4

Claimant asserts that the Commission "erred in concluding that an employee under an open award has a duty to act to make the employer comply with the award order." In support of her contention, she refers to the Commission's factual finding that "both parties proceeded as if the . . . award had been properly terminated." From that language she infers that the Commission assigned her a duty to act to enforce her award.

However, in its holding, the Commission neither explicitly nor implicitly ruled that claimant had a duty to monitor entry of the executed agreements. The Commission held that the failure to enter the executed agreements was due to an oversight on its part, and was not the result of either party's failure to comply with their statutory duties.

### CONCLUSION

For the above reasons, the Commission's ruling is affirmed.

<u>Affirmed.</u>