COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, O'Brien and Senior Judge Haley
Argued at Fredericksburg, Virginia

**PUBLISHED**

ALEXANDRIA CITY PUBLIC SCHOOLS AND
 ALEXANDRIA CITY SCHOOL BOARD

v.        Record No. 1582-18-4

KERRI HANDEL

OPINION BY
JUDGE GLEN A. HUFF
MAY 14, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael S. Bliley (Andrew M. Alexander; Siciliano, Ellis, Dyer &
Boccarosse PLC, on briefs), for appellant.

(Julie H. Heiden; Koonz, McKenney, Johnson, DePaolis &
Lightfoot, LLP, on brief), for appellee.  Appellee submitting on
brief.

Alexandria City Public Schools ("employer") appeals an award of workers'

compensation benefits to Kerri Handel ("claimant") by the Virginia Workers' Compensation

Commission.  In a single assignment of error, employer argues the Commission erred in finding

that claimant suffered a compensable injury to her right shoulder.  Employer argues claimant

failed to prove she suffered a sudden structural or mechanical change to her shoulder.  Employer

contends that claimant must demonstrate a sudden mechanical or structural change to each part

of the body in which the claimant is experiencing pain for the injury to be compensable under the

Workers' Compensation Act.  This Court affirms the Commission because claimant must only

prove her accident caused one sudden mechanical or structural change to her body to collect

compensation for any injury caused by that accident.  Proof of a "sudden mechanical or

structural change in the body" is required only to establish that a claimant suffered an "injury by

*accident*."

# I. BACKGROUND

"Under settled principles of appellate review, we consider the evidence in the light most favorable to employee as the prevailing party before the commission." Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 345 (2015). So viewed, the evidence in the record shows the claimant was employed as a math teacher at T.C. Williams High School in the Alexandria City School District on April 24, 2014. On that date, claimant slipped on a puddle of hand sanitizer on her classroom floor and fell on her right side. She was then taken by ambulance to Alexandria Hospital for treatment of her injuries. Among the multiple injuries listed under "Final Diagnoses" on the hospital records from that visit is "Pain in joint, shoulder region."

Claimant filed a notice of injury report with Alexandria City Public Schools on April 29, 2014, in which she indicated that her right ankle, knee, hip, shoulder, neck, and back were all injured in the fall. On April 30, 2014, claimant sought treatment from orthopedist Dr. David Hampton at which time she complained of pain throughout her right side, including her right shoulder, hip, knee, ankle, low back, and neck. Dr. Hampton evaluated claimant again in September 2016 for shoulder pain and concluded her pain was nerve related. Dr. Hampton then referred claimant to Dr. Ryan Jander for a second opinion. At her examination with Dr. Jander, claimant complained of pain originating in her shoulder and radiating down her arm with numbness in her hand. There were no abnormal results indicated by imaging of claimant's right shoulder done by either Dr. Hampton or Dr. Jander, but Dr. Jander concluded complainant suffered from a neurological condition in her shoulder and referred her to physical therapy.

A hearing was held on November 9, 2016, before Deputy Commissioner Susan Cummins. Prior to that hearing, employer had stipulated to a compensable injury by accident to the claimant's right hip, neck, back, right ankle, and right knee but disputed claims for the right shoulder and a head injury. In February 2018, the deputy commissioner issued a letter opinion

awarding claimant temporary total disability benefits and lifetime medical benefits for "injuries including but not limited to injuries to the right knee, right ankle, right hip, right shoulder, back, neck, head and for memory loss, migraines/headaches and a concussion/post-concussion syndrome." The deputy commissioner found that her "account of how she was injured is uncontroverted by the other evidence." The deputy commissioner further found that claimant had demonstrated "the necessary causal nexus between the accident and the claimant's right shoulder complaints" and that she had sustained an "injury by accident" to both her shoulder and head.

Employer appealed the commissioner's decision and requested a full Commission review in April 2018. Employer argued claimant failed to demonstrate a structural or mechanical change in the shoulder. Nevertheless, the Commission unanimously agreed with the deputy commissioner that claimant had "established a compensable injury by accident to the right shoulder."

This appeal followed.

## II. STANDARD OF REVIEW

"The commission's determination of whether a claimant suffered 'an "injury by accident" presents a mixed question of law and fact, because it involves both factual findings and the application of law to those facts. The Commission's factual findings bind us as long as credible evidence supports them.'" Riverside Regional Jail Authority v. Dugger, 68 Va. App. 32, 37 (2017) (quoting Van Buren v. Augusta Cty., 66 Va. App. 441, 446 (2016)). "In determining whether credible evidence exists, [this C]ourt does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Smith-Adams v. Fairfax Cty. Sch. Bd., 67 Va. App. 584, 590 (2017) (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894 (1991)).

Whether the facts found by the Commission "prove the claimant suffered a compensable 'injury by accident' is a question of law." Van Buren, 66 Va. App. at 446 (quoting Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 168 (2001)). Where there is a mixed question of law and fact, "the [C]ommission's ruling is not binding on appeal." Gwaltney of Smithfield, Ltd. v. Hagins, 32 Va. App. 386, 393 (2000).

## III. ANALYSIS

On appeal, employer contends that the Commission erred in finding that the injury to claimant's right shoulder was compensable because, unlike her other injuries, claimant failed to prove a sudden mechanical or structural change in her right shoulder. Under Virginia law, an injury is compensable under the Workers' Compensation Act when the injury was the result of an accident, which the claimant must establish by proving "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and bodily change." Hoffman v. Carter, 50 Va. App. 199, 212 (2007).

Employer only challenges the third prong, claiming that there is no structural or mechanical change to the claimant's shoulder and that the shoulder pain she complains of was not caused by the structural or mechanical changes elsewhere in her body. Employer concludes that this fact alone makes claimant's shoulder injury non-compensable under the Act. Although this Court has never directly addressed this issue before, we find employer's argument unpersuasive and therefore disagree.[1]

---

[1] In an unpublished opinion, this Court recently affirmed the denial of an award based on a failure to establish a structural or mechanical change to the brain despite employer's stipulation that other injuries were compensable because other mechanical or structural changes existed. Preston v. Franklin Cty. Public Schools, Record No. 1545-18-2 (Va. Ct. App. Mar. 26, 2019). Preston does not control for two reasons. First, it is unpublished and not binding precedent. It is only relevant for its persuasive effect.

A single "sudden mechanical or structural change" anywhere in the body suffices to establish that a claimant has suffered an "injury by accident." Once an injury by accident is established, any injury causally connected to the accident—even if not connected to the sudden mechanical or structural change—is compensable. In other words, a claimant does not need to prove a structural or mechanical change in every body part affected by an obvious accident as long as there is at least one sudden mechanical or structural change and each injury is caused by the accident.[2]

The requirement that a claimant prove she suffered a "*sudden* mechanical or structural change" exists only to establish that the injury is accidental and not the result of a gradual change over time. The Supreme Court and this Court have only applied the "sudden mechanical or structural change" requirement in three general circumstances. In each circumstance, the courts ultimately use it only to establish that the claimant's injuries are accidental. It is not used to establish that the injuries are "injuries" within the meaning of Workers' Compensation statute.

---

Second, it is unpersuasive in this case because the claimant in Preston did not argue the Commission erred by requiring her to prove a separate mechanical or structural change for the head injury. Rather, the claimant argued that the Commission had erred because she had proved a mechanical or structural change. In its opinion, this Court only held that there was credible evidence in the record to support the Commission's determination that she had not proved the mechanical or structural change. This Court did not analyze whether the requirement to prove a mechanical or structural change does, or should, apply in that context because that question was not before the Court. See Clifford v. Commonwealth, 274 Va. 23, 25 (2007) ("[A]n appellate court may not 'recast' an argument made in a lower court into a different argument upon which to base its decision . . . .").

[2] It may be that in some cases the only way a claimant will establish causation is by proving that the injury complained of is connected to a sudden mechanical or structural change. For example, if a claimant were to suffer a ruptured vertebra as the result of the usual exertions of the job, it is possible the only way to prove a concomitant leg problem was causally connected would be to show that the ruptured vertebra caused the leg problem because it disrupted a nerve.

First, a claimant suffers an "injury by accident" when she suffers a "sudden mechanical or structural change" in the body, even if the claimant's injury is caused by the usual exertions of her job—even when there is no "accident" within the ordinary sense of that word.

Second, a claimant has not suffered an "injury by accident" when the injury is gradually occurring. Suffering a "mechanical or structural change to the body" is insufficient. Rather it must be a "*sudden* mechanical or structural change."

Third, a claimant may prove a purely psychological injury to be an "injury by accident" without proving she suffered a "sudden mechanical or structural change" to her body. Rather, she can prove she suffered an "injury by accident" by demonstrating an "obvious *sudden* shock or fright" caused her purely psychological injury, such as post-traumatic stress disorder. The claimant may still prove the purely psychological injury is an injury by accident by showing a "sudden mechanical or structural change" to the body, but is only required to when she cannot prove her psychological injury was caused by an "obvious sudden shock or fright."

These three uses of the test demonstrate that the purpose of proving the "sudden mechanical or structural change" is to establish the injuries are accidental.

### A. Usual exertions

Despite the absence of an "accident" within the ordinary meaning of that word, an injury that an employee sustains while performing his or her routine job duties is compensable as an "injury by accident" when the injury results in a "sudden mechanical or structural change" in the body. The Supreme Court addressed the question of whether an injury that was sustained during the performance of ordinary job duties, rather than as a result of an unusual event or exertion, would be compensable as an "injury by accident" in <u>Virginia Electric & Power Co. v. Quann</u>, 197 Va. 9, 12 (1955). In <u>Quann</u>, the Court held that "when usual exertion results in actually breaking, herniating, or letting go with an obvious sudden mechanical or structural change in the

body, whether external or internal, the injury is accidental." Id. The Court reaffirmed this principle in Virginia Electric & Power Co. v. Cogbill, 223 Va. 354, 356 (1982) (emphasis added), when it held that in order for injuries resulting from *ordinary exertion* to be compensable as an injury by accident, the claimant must prove that it resulted in "an obvious sudden mechanical or structural change in the body."

Thus, the Court uses the "sudden mechanical or structural change" test to *expand* the notion of when an injury is legally caused "by accident," not to exclude from "injury by accident" those injuries caused by an obvious accident that are unconnected to a "mechanical or structural change" in the body. To require a claimant to prove each injury is connected to a particular "mechanical or structural change" in the body despite suffering other "sudden mechanical or structural changes" in an obvious accident, turns the test upside-down. The purpose of the test is to allow a claimant to demonstrate that her injuries are accidental, even in the absence of an obvious accident. Thus, this Court applies the "sudden mechanical or structural change" test as a threshold to establish the claimant has suffered an accident. Once an accident is established, any injuries resulting from that accident, even if not connected directly to the sudden mechanical or structural change, are compensable.

### B. Gradually Occurring Injury

The Supreme Court's limitation on claims for gradually occurring injuries likewise demonstrates that the "sudden mechanical or structural change" test operates as a threshold. In Morris v. Morris, 238 Va. 578, 589 (1989), the Supreme Court declined to expand the definition of "injury by accident" to include gradually incurred injuries when it held that to prove an injury by accident the claimant must prove "the cause of his injury was *an identifiable incident or sudden precipitating event* and that it resulted in an *obvious sudden mechanical or structural change in the body.*"

In one of the three consolidated cases addressed in Morris, the claimant began to develop back soreness during the unloading of seven large steel doors from a truck. Id. at 582. He developed increasing soreness throughout the day but continued to work at a steady pace and did not mention an injury to his co-workers. Id. He worked a full shift the next day, but then went to the hospital where he was diagnosed with a ruptured cervical disc. Id. A ruptured cervical disc is a structural change in the body. However, gradually increasing soreness was not proof of an "*obvious sudden* mechanical or structural change." Id. at 586 (emphasis added). The Court concluded "that injuries resulting from repetitive trauma, continuing mental or physical stress, or other cumulative events, as well as injuries sustained at an unknown time, are not 'injuries by accident' within the meaning of Code § 65.1-7," because they do not result from an accident. Id. at 589.

The Court looked to the intent of the Act to focus its analysis:

> It is apparent from the language employed by the drafters of the Act that it was originally intended to provide coverage for the most frequently recurring kinds of industrial accidents, *e.g.,* injuries immediately resulting from hazards of the workplace such as blows from falling objects; injuries from contacts of the body with operating machinery or corrosive chemicals; falls from ladders, catwalks, and the like.

Id. at 585. Based on this intent, the Court focused on defining what constitutes an "accident," and not on restricting the definition of "injury."

Like the Court's inclusion of sudden injuries caused by a claimant's ordinary job responsibilities in the definition of "injury by accident," the Court's exclusion of gradually occurring injuries supports the conclusion that the "sudden mechanical or structural change" test operates as a threshold test. The Supreme Court reversed the award of benefits in Morris not because the claimant had failed to demonstrate a mechanical or structural change, but because the change was not "sudden." The Court focused on the non-accidental nature of the injury, as

- 8 -

demonstrated by the lack of a "*sudden* mechanical or structural change." When a claimant is injured in an obvious accident and suffers one sudden mechanical or structural change, all injuries flowing from the accident—even if unconnected to the" mechanical or structural change"—are "injuries by accident" and compensable.

## C. Purely Psychological Injuries.

Further demonstrating that the "sudden mechanical or structural change" test operates as a threshold test, a claimant is not required to prove a "sudden mechanical or structural change" to establish an "injury by accident" when the claimant alleges "a purely psychological injury." Instead, she need only establish that the "purely psychological injury" is "causally related to a physical injury or . . . causally related to an obvious *sudden shock or fright* arising in the course of employment." UPS v. Prince, 63 Va. App. 702, 709 (2014) (quoting Chesterfield Cty. v. Dunn, 9 Va. App. 475, 477 (1990)); see also Fairfax Cty. Fire & Rescue Dep't v. Mottram, 263 Va. 365, 375 (2002) ("[T]raumatic neurosis caused by sudden shock or fright without any physical impact may be compensable as an injury by accident." (citing Burlington Mills Corp. v. Hagood, 177 Va. 204, 210-11 (1941))). Only if the claimant fails to demonstrate a "*sudden shock or fright*" will the claimant be required to demonstrate a "sudden mechanical or structural change" to establish her purely psychological injury is an "injury by accident." Dunn, 9 Va. App. at 476.

The key overlap between the two tests is "sudden." Both the "*sudden* mechanical or structural change" test and the "*sudden* shock or fright" test establish that the claimant has suffered an "injury *by accident*." This conclusion is reinforced by this Court's analysis of when a claimant has suffered a "sudden shock or fright." This Court excludes those "shocks" or "frights" that are "an expected occurrence in the performance of [the claimant's] duties." Hess v. Va. State Police, 68 Va. App. 190, 198 (2017) (quoting Hercules, Inc. v. Gunther, 13 Va. App.

- 9 -

357, 363 (1991)). For example, in Hess, this Court held a state trooper's post-traumatic stress disorder ("PTSD") was not an "injury by accident" because the shock of responding to a gruesome fatal accident scene is "an expected occurrence in the performance of his duties." Id. This Court agreed with the Commission's holding that viewing the scene could not be a "sudden" or "unexpected" shock or fright when viewing fatal accident scenes is "an unfortunately frequent and expected occurrence in a trooper's daily duties." Id. at 199.

Thus, the treatment of pure psychological injuries reinforces the conclusion that the "sudden mechanical or structural change" test is a threshold test satisfied when a claimant is involved in an obvious accident and suffers one "sudden mechanical or structural change" to her body. Allowing a claimant to prove a "purely psychological" "injury by accident" through a "sudden shock or fright," but without proving a "sudden mechanical or structural change," demonstrates that the purpose of the test is to establish the sudden, unexpected, "accidental" nature of the injury.

Together, these three uses of the test demonstrate that the purpose of proving a "sudden mechanical or structural change" is to demonstrate that the claimant's injuries are accidental. The core of the test is the suddenness of the injury. Thus, when a claimant is involved in an obvious accident, a single "sudden mechanical or structural change" is sufficient to demonstrate she suffered an "injury by accident." All injuries causally connected to the accident, even if not directly attributable to one particular "sudden mechanical or structural change," are compensable.

Here, by stipulating that several of claimant's injuries, sustained in the slip and fall, were compensable, employer conceded claimant suffered at least one "sudden mechanical or structural change to her body." That is all that is required. As long as her shoulder injury is causally connected to her fall, that injury is compensable.

The Commission found the shoulder injury was caused by the fall, noting, "it [is] significant here that the claimant has not received treatment for right shoulder complaints in the recent years prior to her accident." Although employer argues claimant's shoulder injury was not causally connected to a "sudden mechanical or structural change" in her body, it does not argue on appeal that it was unconnected to the fall. Therefore, this Court affirms the Commission's finding that claimant's shoulder injury was a compensable injury by accident.

IV. CONCLUSION

This Court affirms the decision of the Virginia Workers' Compensation Commission. A claimant need only demonstrate a single "sudden mechanical or structural change" to establish an "injury by accident." Thereafter, she may prove an injury is compensable by causally connecting it to the accident, even if she cannot demonstrate it is connected to the "mechanical or structural change."

<u>Affirmed.</u>