COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

WILLIAM R. BOWERS

MEMORANDUM OPINION[*] BY
v.        Record No. 0777-19-2        JUDGE MARY GRACE O'BRIEN
                                      DECEMBER 17, 2019

AMAZON.COM AND
  AMERICAN ZURICH INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Casey M. Ariail (Reid Goodwin, PLC, on brief), for appellant.

Rachel A. Riordan (Joseph P. Smith, III; Kalbaugh, Pfund &
Messersmith, P.C., on brief), for appellees.


William R. Bowers ("appellant") appeals a decision by the Workers' Compensation

Commission ("the Commission") denying his claim for benefits for a shoulder injury sustained

while working at a warehouse for Amazon.com ("employer"). Appellant contends the Commission

erred in finding that his injury, resulting from "tugging plastic from around a pallet," did not arise

out of his employment. For the following reasons, we affirm the Commission's decision.

BACKGROUND

On appeal, "we must view the evidence in the light most favorable to [employer,] the party

who prevailed before the [C]ommission." K & K Repairs & Const., Inc. v. Endicott, 47 Va. App. 1,

6 (2005). Appellant worked as a warehouse associate. His job involved maintaining merchandise

on racks so the items would be readily accessible to forklift drivers or "pickers." Appellant's duties

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

included removing plastic wrapping from boxes and positioning them to make retrieval easier for the pickers.

In a recorded statement to an insurance adjustor, appellant advised that on July 7, 2016, he found "two boxes on the back of a pallet" that the pickers could not reach. He also noticed "balled-up plastic wrap around the boxes." The boxes were on a shelf that was "about shoulder height to [him]." In an effort to pull the boxes closer to the pallet so the pickers could reach them, appellant "tugg[ed]" on the plastic. He stated that he "pulled the plastic . . . slowly" with "no jerkin[g]" and "no heavy force." Appellant told the adjustor that he heard and felt a "pop" in his shoulder. He reported the incident and sought medical treatment.

Appellant subsequently filed a request for medical benefits and various periods of temporary total and temporary partial disability benefits. At a hearing before a deputy commissioner, appellant testified that he encountered a pallet with two boxes on it and "some plastic around the backside of it." He explained that he used the "looseness of the part of the plastic to bring the box[es] forward" to a position where he could reach them. After he moved the boxes, he "proceeded to pull the plastic to throw away. . . . When [he] pulled the plastic, [he] tugged at it, [and his] shoulder gave[;] [he] heard a pop[,] and it just started hurting."

Regarding the "kind of force" he used to pull the plastic, appellant testified that he was "[j]ust tugging at it." He stated that with "this particular pallet, the plastic did not let go[,] and [his] shoulder made a popping noise." He acknowledged that although he used more force to tug the plastic off the pallet than he used in moving the boxes, "it wasn't a huge amount of force." He also stated that the boxes were "pretty straight in front of me." Appellant did not bend over to reach the plastic, his feet were flat on the floor, and he was reaching forward at shoulder height.

The medical records reflected that appellant sustained a shoulder injury while pulling plastic to move boxes and stage the merchandise for pickers.

The deputy commissioner determined that because appellant used minimal force to pull the plastic from the boxes and "was not otherwise involved in an awkward movement," the injury did not arise from a condition of appellant's employment. Accordingly, the deputy commissioner denied the claim. On appeal to the full Commission, appellant argued that even "gently tugging the plastic from around the boxes constituted a risk of his employment." The Commission disagreed and held that appellant failed to prove his injury "arose out of" his employment due to his lack of evidence that his injury was "precipitated by the force he used in pulling the plastic." Quoting Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484 (1989), the Commission ruled that because appellant failed to establish that a "significant work related exertion" caused his injury, he was not entitled to compensation. One commissioner dissented, and this appeal followed.

ANALYSIS

Appellant challenges the Commission's determination that his injuries did not arise out of his employment. "An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." King v. DTH Contract Servs. Inc., 69 Va. App. 703, 713 (2019) (quoting City of Richmond v. Braxton, 230 Va. 161, 164 (1985)). Here, appellant argues that his degree of exertion in pulling the plastic has no bearing on whether he established a "causal connection" between the injury and the conditions of the workplace.

"The question of '[w]hether an accident arises out of the employment is a mixed question of law and fact.'" Cleveland v. Food Lion, L.L.C., 43 Va. App. 514, 518 (2004) (quoting Barbour, 8 Va. App. at 483). This Court is bound by the Commission's underlying factual findings if those findings are supported by credible evidence. See Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83-84 (2005) (*en banc*). However, appellate courts review *de novo* the Commission's ultimate

decision regarding whether an accident arose out of a claimant's employment.  See Caplan v. Bogard, 264 Va. 219, 225 (2002).

For an injury to be compensable under the Workers' Compensation Act, a claimant must prove by a preponderance of the evidence that the injury was (1) caused by an accident, (2) sustained in the course of employment, and (3) arose out of the employment.  Snyder v. City of Richmond Police Dep't, 62 Va. App. 405, 412 (2013).  See also Code § 65.2-101 (defining "injury" as "injury by accident arising out of and in the course of the employment").  In this case, the parties do not contest that appellant sustained an injury by accident and in the course of his employment. The sole issue on appeal is whether appellant's injuries "arose out of" his employment.

The "arising out of" element requires a claimant to prove a causal connection between his accidental injury and the "conditions under which the employer requires the work to be performed." King, 69 Va. App. at 713 (quoting Braxton, 230 Va. at 164).  See also Liberty Mut. Ins. Corp. v. Herndon, 59 Va. App. 544, 556 (2012).  To determine whether a causal connection exists, Virginia applies the "actual risk" test that "excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.'"  Bernard v. Carlson Cos.-TGIF, 60 Va. App. 400, 405 (2012) (quoting Taylor v. Mobil Corp., 248 Va. 101, 107 (1994)).

Therefore, under the "actual risk" test, a claimant cannot meet his burden of proof by simply showing that an injury occurred at work while he was performing a work-related task.  See id.  To receive compensation for an injury, a claimant must prove a causal connection to a "work related risk or significant work related exertion."  Barbour, 8 Va. App. at 484.  In Barbour, we reversed a benefits award to a claimant who was injured while bending to pick up a pipe.  Id. at 483-84.  The record contained no evidence that the pipe was heavy or that the claimant was doing anything more than "merely bending."  Id. at 484.  We found no work-related risk or work-related exertion establishing that the injury arose out of claimant's employment.  Id.

- 4 -

Appellant relies on Grove v. Allied Signal, Inc., 15 Va. App. 17 (1992), to support his argument that his injury is compensable even in the absence of a significant work-related exertion. However, his reliance is misplaced. In Grove, we reversed the denial of benefits to a plumber who was "working in a crouched position several feet off the ground repairing a two inch pipe line." Id. at 18. The claimant injured his back while reaching for an eight-pound piece of pipe. Id. We determined that he met the burden of establishing that his injury arose out of his employment by evidence that he was in an "awkward" crouching position while reaching for the pipe, regardless of the fact that the pipe was "relatively light weight" and his action "did not require exertion." Id. at 19, 21-22. See also First Fed. Sav. & Loan Ass'n v. Gryder, 9 Va. App. 60, 65 (1989) (finding that "contortions of the body" to perform a job task constitute a hazard of the workplace because they are not "risk[s] to which all persons are equally exposed").

Grove did not remove the "significant work related exertion" portion of the test from Barbour; it simply clarified that evidence of other work-related risks can prove the injury arose out of employment. Grove, 15 Va. App. at 21-22. See Barbour, 8 Va. App. at 484 (requiring either a "work related risk *or* significant work related exertion" (emphasis added)). The evidence must establish a "causative danger" that "had its origin in a risk connected with the employment, and . . . flowed from that source as a rational consequence." Grove, 15 Va. App. at 22 (quoting R & T Invs., Ltd. v. Johns, 228 Va. 249, 253 (1984)). Although the claimant in Grove did not significantly exert himself when reaching for the lightweight pipe, his awkward crouching position, necessary to perform his job task, proved the required causative danger. Id. at 21-22. See also Snyder, 62 Va. App. at 413-14 (finding a police officer did not endure a "causative danger [that was] peculiar to the work and not common to the neighborhood" when he tripped over a cement parking block at his workplace (quoting Simms v. Ruby Tuesday, Inc., 281 Va. 114, 123 (2011))).

Here, appellant failed to establish a "causative danger" originating in any "risk connected with [his] employment." Grove, 15 Va. App. at 22 (quoting Johns, 228 Va. at 253). Appellant concedes that he did not exert any "heavy force" when he pulled the plastic "slowly . . . with no jerkin[g]." Additionally, unlike the employees in Grove or Gryder, appellant was not in an awkward position or contortion peculiar to his work when the injury occurred. See id. at 20-22; Gryder, 9 Va. App. at 65. He was standing in front of a shoulder-height shelf pulling plastic wrap slowly towards him. He did not have to crouch to reach the plastic because it was "pretty straight in front" of him. Based on this record, the Commission did not err in concluding that appellant failed to prove that his injury was caused by a "work related risk or significant work related exertion" and therefore did not "arise out of" his employment. Barbour, 8 Va. App. at 484.[1]

Accordingly, we affirm the Commission's denial of benefits.

Affirmed.

---

[1] Alexandria City Pub. Sch. v. Handel, 70 Va. App. 349 (2019), cited as supplemental authority by appellant pursuant to Rule 5A:4A, held that a claimant may be compensated for all injuries causally connected to an injury by accident arising out of the employment. Id. at 361. Here, the parties agree that appellant suffered an accidental injury. The issue is whether that injury arose out of his employment. See Barbour, 8 Va. App. at 484; Code § 65.2-101. Because Handel addresses an element of compensability not before us, we find appellant's supplemental authority inapplicable.