PRESENT:  Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and McCullough, JJ., and Koontz, S.J.

ALEXANDRIA CITY PUBLIC SCHOOLS, ET AL.

OPINION BY
v.  Record No. 190957                                      JUSTICE WILLIAM C. MIMS
                                                                    October 15, 2020
KERRI HANDEL


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals correctly defined and applied the legal standard for determining whether a workers' compensation claimant suffered a compensable "injury by accident" to her shoulder.[1]

I.  BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Kerri Handel was a math teacher at T.C. Williams High School in the City of Alexandria when she slipped on a puddle on her classroom floor and fell on her right side.  *Alexandria City Pub. Schs. v. Handel*, 70 Va. App. 349, 352 (2019).  She was taken by ambulance to the hospital with multiple injuries, including "[p]ain in joint, shoulder region."  She later filed an injury report with the school system listing injuries to her right ankle, knee, hip, shoulder, neck, and back.  *Id*. at 352-53.  Only the shoulder is disputed here.

Handel consulted her first orthopedist within a week of the fall and again 29 months later. He concluded that her shoulder pain was nerve related and referred her to another orthopedist for a second opinion.  The second orthopedist detected no abnormalities in the medical imaging of Handel's right shoulder, but she complained of pain radiating down her arm with numbness in

_____

[1] "Injury by accident" is a term of art used in the definitions of the Workers' Compensation Act.  Code § 65.2-101.

her hand. This second orthopedist concluded she had a neurological condition in her shoulder

and referred her to physical therapy. *Id*. at 353.

Handel filed claims for an award of benefits by the Workers' Compensation Commission.

At a hearing before a deputy commissioner, the school system disputed the claimed injury to

Handel's shoulder. The deputy commissioner ruled that there was no dispute in the evidence

about how Handel had been injured, that there was a causal connection between the accident and

the shoulder complaints, and that Handel had suffered an "injury by accident" to her shoulder.

*Id*.

The school system appealed the deputy commissioner's decision to the full commission,

asserting that the evidence was insufficient to establish a structural or mechanical change to the

shoulder, so Handel had not established that it was a compensable injury by accident. The

commission affirmed. *Id*. at 353-54. It found no error in the deputy commissioner's factual

finding that Handel injured her shoulder in the fall and therefore was a compensable injury by

accident. It noted that Handel had

> testified she "fell forward onto [her] right side." Her right hip injury caused the
> most pain at the time. She began suffering headaches and dizziness thereafter.
> [She] completed an accident report. She wrote that she fell on her right side and
> affected her "right ankle, knee, hip, shoulder, neck, and back."
>     The pertinent medical record reflects that [Handel] received emergency
> medical attention . . . . Her diagnoses included "pain in joint, shoulder area."
> Three x-ray views of her right shoulder revealed normal findings. When [she]
> received further neurological care, she reported suffering shoulder pain following
> the fall.

(Citations omitted.)

The commission then ruled that

> [f]rom this evidence, we agree [Handel] established a compensable injury by
> accident to the right shoulder. [She] testified to falling on her right side and she
> reported symptoms to her initial health care providers. A diagnosis of shoulder

2

pain was rendered.  No party designated medical records dated immediately prior to the accident regarding complaints of shoulder symptoms.

The school system appealed to the Court of Appeals asserting that the commission had "erred, as a matter of law, in finding that the claimant suffered a compensable injury to her right shoulder."

The Court of Appeals first noted that to establish a compensable injury by accident, a claimant must prove "'(1) an identifiable accident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change.'"  70 Va. App. at 354-55 (quoting *Hoffman v. Carter*, 50 Va. App. 199, 212 (2007)).  It then held that "a single 'sudden mechanical or structural change' anywhere in the body suffices to establish that a claimant has suffered an 'injury by accident.'"  Thus, having established such a sudden or mechanical change anywhere,

> any injury causally connected to the accident—even if not connected to the sudden or mechanical change—is compensable.  In other words, a claimant does not need to prove a structural or mechanical change in every part affected by an obvious accident as long as there is at least one sudden or mechanical change and each injury is caused by the accident.

*Id.* at 355-56.

The court reasoned that the purpose of the "sudden mechanical or structural change" element for determining whether an injury by accident has occurred is solely to exclude injuries caused by gradual changes over time, such as (1) injuries arising from the regular and usual exertions of the job, rather than any discrete accident or (2) injuries arising from the gradual deterioration of a condition, which is not sudden.  *Id*. at 356.  It also noted that an injury by accident may occur without proving a sudden mechanical or structural change if the claim is for purely psychological injury and the claimant instead successfully establishes a sudden shock or fright.  *Id*. at 356-57.

3

Aggregating these three points, the court ruled that they underscored that the focus of the "sudden mechanical or structural change" element was to establish suddenness—i.e., that an accident had occurred—rather than mechanical or structural change. *Id.* at 357 (stating that "the purpose of proving the 'sudden mechanical or structural change' is to establish the injuries are accidental"), 358 (stating that the Court of Appeals "applies the 'sudden mechanical or structural change' test as a threshold to establish the claimant has suffered an accident. Once the accident is established, any injuries resulting from that accident, even if not connected directly to the sudden mechanical or structural change, are compensable"), 359 (characterizing this Court's decision in *Morris v. Morris*, 238 Va. 578 (1989) as reversing an award of benefits "not because the claimant had failed to demonstrate a mechanical or structural change, but because the change was not 'sudden'" and therefore not accidental. However, once a claimant establishes an accident, "and suffers one sudden mechanical or structural change, all injuries flowing from the accident—even if unconnected to the 'mechanical or structural change'—are 'injuries by accident' and compensable.").

Accordingly, the Court of Appeals concluded that because Handel had proven a single "sudden mechanical or structural change" anywhere in her body, she had established an injury by accident, and her evidence that her shoulder injury was causally connected to the accident made it compensable even if there was no proof that the shoulder injury was connected to the proven mechanical or structural change. *Id.* at 361-62.

We awarded the school system this appeal.

## II.  ANALYSIS

In its first assignment of error, the school system asserts that the Court of Appeals erred because the "sudden mechanical or structural change" element does not exist solely to establish

4

that an injury arose from an accident, to the exclusion of gradual onset. Rather, the "mechanical or structural change" also defines the "injury" part of the "injury by accident" qualification for an award of compensation. Thus, it argues, the phrase "injury by accident" links two discrete concepts, an injury and an accident, and compensability requires both: an accident may occur without causing injury, and an injury may be suffered that is not caused by an accident, but neither of these are compensable as "injury by accident." The school system also contends that this Court has repeatedly used "mechanical or structural change" to define an injury, *Olsten of Richmond v. Leftwich*, 230 Va. 317, 319 (1985); *accord Snead v. Harbaugh*, 241 Va. 524, 528 (1991), and that both the Court of Appeals and the commission have used that definition. We agree.

Whether a lower court has correctly defined and applied a legal standard is a question of law reviewed de novo. *Edmonds v. Edmonds*, 290 Va. 10, 18 (2015); *Estate of Parfitt v. Parfitt*, 277 Va. 333, 342 (2009); *Commonwealth v. Jackson*, 276 Va. 184, 192 (2008).

We introduced the phrase "obvious sudden mechanical or structural change in the body" into Virginia case law in *Virginia Elec. & Power Co. v. Quann*, 197 Va. 9, 12 (1955). In that case, a lineman's assistant with a history of work-related back injuries was helping a coworker lift a 159-pound coil of wire. He alleged that the coil shifted and he "felt something pop or make a definite snap in [his] back . . . and exclaimed 'I have hurt my back.'" *Id*. at 10 (internal quotation marks omitted). He reported the injury to the foreman but continued working that day. The next day, he could not work, consulted a physician and a specialist, and was diagnosed with a rupture of the fifth lumbar disc requiring its removal. *Id*. at 10-11.

The commission ruled that the injury was compensable and the employer appealed. *Id*. at 11. We reviewed the evidence and found it sufficient. The witnesses had testified that the

employee's reaction while lifting the coil was consistent with his suffering an injury at that time. *Id*. at 11-12. We then proceeded to discuss earlier cases in which we had used the phrase "injury by accident" and concluded that the phrase did not require an extraordinary or abnormal activity by the employee, only that the injury was sustained suddenly and at a time that can be pinpointed with reasonable certainty. *Id*. at 12-14.

In *Leftwich*, we stated that we had defined "injury" in *Quann* "as an 'obvious sudden mechanical or structural change in the body.'" 230 Va. at 319 (*quoting Quann*, 197 Va. at 12). Likewise, in *Snead*, we said that "[a] condition causing disability or pain will not be considered an 'injury' for purposes of the [Workers' Compensation] Act unless accompanied by a 'sudden obvious mechanical or structural change' in the body." 241 Va. at 258 (quoting *Virginia Elec. & Power Co. v. Cogbill*, 223 Va. 354, 356 (1982)).

Consequently, the Court of Appeals erred by ruling that "a claimant does not need to prove a structural or mechanical change in every body part affected by an obvious accident as long as there is at least one sudden mechanical or structural change and each injury is caused by the accident." 70 Va. App. at 355-56. The "structural or mechanical change" *is* the injury, when it "produces harm or pain or a lessened facility of the natural use of any bodily activity or capability." *Snead*, 241 Va. at 528 (internal quotation marks omitted). Thus, without such a change in a body part, there is no injury to it.[2] We will therefore vacate the judgment of the Court of Appeals.

In its second assignment of error, the school system asserts that the Court of Appeals erred because the evidence was insufficient to prove that Handel had suffered any injury to her

---

[2] Our holding does not involve the standard applicable for alleged psychological injuries, *cf. Burlington Mills Corp. v. Hagood*, 177 Va. 204, 210–11 (1941), because there is no claim for such injuries before us on appeal.

right shoulder at all, rather than mere transient pain. It argues that the record establishes only that Handel reported pain in her shoulder, uncorroborated by any evidence of a medical diagnosis or treatment.

Because the Court of Appeals erred in applying the standard for determining whether Handel had suffered an injury by accident to her shoulder, it did not reach the merits of this argument. We therefore "will not address that issue here, but will remand the case to the Court of Appeals for further proceedings consistent with the views expressed in this opinion." *Ghameshlouy v. Commonwealth*, 279 Va. 379, 395 (2010).

## III. CONCLUSION

For the reasons set forth above, we hold that Court of Appeals failed to apply the correct legal standard to determine whether Handel suffered an injury by accident to her shoulder. We therefore vacate its judgment and remand for further proceedings.

*Vacated and remanded.*